MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage & Hour
CHARLES SONG
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA  90012-4701
(213) 894-5365
Song.charles.c@dol.gov
Attorneys for Plaintiff Julie A. Su,
Acting United States Secretary of Labor

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br><br>          v.<br><br>Diamond Stone & Synthetic Grass, LLC dba Diamond Stone & Synthetic Grass; Michael Anthony Chavez, individually and as a managing agent of the entity defendant; and Yolanda Denisse Chavez, individually and as a managing agent of the entity defendant;<br><br>                              Defendants. | Case No. [Case Number]<br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** |

**INTRODUCTION**

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Acting Secretary") brings this case to remedy Defendants' violations of federal law requiring employers to maintain accurate records of employees' hours worked and pay received and protecting the lawfully earned wages of Defendants' employees.

**NATURE OF THE ACTION**

1. The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*., to enjoin Defendants from violating the provisions of Sections 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 211(c).

2. The Acting Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), to recover unpaid overtime wages owed under the FLSA, beginning in at least May 18, 2021, to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under Section 17 of the FLSA, 29 U.S.C. §217. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

**PARTIES**

**Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor**

5. The Acting Secretary is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

In bringing actions under the FLSA, the Acting Secretary represents not only the interests of Defendants' employees but also Defendants' law-abiding competitors who face unfair competition in the marketplace due to Defendants' illegal practices. The Acting Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

## Defendant Michael Chavez

6.      Defendant Michael Chavez, an individual, resides in Peoria, Arizona. At all relevant times he has been a principal of Diamond Stone & Synthetic Grass, LLC and responsible for controlling, managing, and financing of the company. At all relevant times, Defendant Michael Chavez, has been a 50% co-owner and acted directly and indirectly in the interests of the corporate Defendants in relation to their employees.

7.      Defendant Michael Chavez's duties included: determining employment practices; personnel matters such as hiring, firing, supervising, directing, and disciplining employees; day-to-day operations such as scheduling employees and setting and negotiating wages and pay practices.

8.      Defendant Michael Chavez is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages, and liquidated, compensatory, and punitive damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

9.      The claims against Defendant Michael Chavez in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

## Defendant Denisse Chavez

10.     Defendant Denisse Chavez, an individual, resides in Peoria, Arizona. At all relevant times she has been a principal of Diamond Stone & Synthetic Grass, LLC and responsible for controlling, managing, and financing of the company. At all relevant times, Defendant Denisse Chavez, has been a 50% co-owner and acted directly and indirectly in the interests of the corporate Defendants in relation to their employees.

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

11.    Defendant Denisse Chavez's duties included: maintaining records of employees' work hours; determining employment practices; personnel matters such as hiring, firing, supervising, directing, and disciplining employees; day-to-day operations such as scheduling employees and setting and negotiating wages and pay practices.

12.    Defendant Denisse Chavez is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for unpaid tips, back wages, and liquidated, compensatory, and punitive damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

13.    The claims against Defendant Denisse Chavez in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

### Diamond Stone & Synthetic Grass, LLC
### dba Diamond Stone & Synthetic Grass

14.    Defendant Diamond Stone & Synthetic Grass, LLC is an Arizona corporation with a principal office address at 1641 W. Palmer Dr., Phoenix, AZ 85021. Defendant Diamond Stone & Synthetic Grass, LLC operates as a residential landscape design and construction company and regularly conducts significant business, including hiring, firing and supervising employees, in the state of Arizona within the jurisdiction of this Court.

15.    At all times relevant, Defendant, Diamond Stone & Synthetic Grass, LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendants are an Enterprise Covered by the FLSA

16.    At all relevant times, Defendants Michael Chavez and Denisse Chavez owned, operated, and controlled Diamond Stone & Synthetic Grass, LLC and acted directly or indirectly in the interests of the corporate Defendants, for the common

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

business purpose of operating as a residential landscape design and construction company.

17.    As a Result, Defendants Michael Chavez and Denisse Chavez, and Diamond Stone & Synthetic Grass, LLC, collectively, is and has been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

18.    At all relevant times, two or more employees of corporate Defendant have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

19.    At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20.    As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### Defendants' Employment Practices

21.    Since at least 2021, Defendants have been aware of the FLSA's requirements. In addition to posting a notice of the Fair Labor Standards Act's requirements at Defendants' principal place of business, Defendants paid some employees an overtime premium for hours worked over 40 a week and maintained written employment policies discussing overtime pay and requiring non-exempt employees to accurately record their meal periods, overtime hours, and the time they begin and end their work each day.

22.    At all relevant times, Defendants regularly employed employees over 40 hours in a workweek to, among other things, install, maintain, and repair landscape and hardscape such as artificial turf, pavers, and travertine in residential areas.  Employees were usually picked up in the morning between 4:00 a.m. and 6:00 a.m. and dropped off in the afternoon after their shifts were scheduled to end between 3:00 p.m. to 5:00 p.m.

Employees typically worked for approximately 42 to 60 hours in a workweek in crews of 3 or 4 with one employee acting as the crew lead.  Crew leads usually drove employees in Defendants' vehicles to and from work locations.

23.    At all relevant times, Defendants failed to make, keep, and preserve adequate and accurate records of employees' hours and wages. In work weeks where employees were paid a piece rate, Defendants did not maintain records showing total daily and/or weekly hours worked.  Additionally, Defendants failed to provide records showing regular rate of pay in overtime weeks for some non-exempt employees. These practices interfered with the ability of the employees, and derivatively, the Secretary, to detect, identify and have notice of the underpayment of overtime due under the FLSA.

24.    Prior to approximately October 2022, Defendants tracked the hours employees worked by having them sign in when they arrived at work.  Defendants' foremen released employees at the end of employees' work shifts but did not record the time their shifts ended.  Yolanda Ceniceros and Denisse Chavez maintained hard and electronic copies of time keeping records.

25.    In or about October 2022, Defendants began using a time clock and hourly employees began clocking in and out of their shifts with their timecards.  However, piece rate employees did not use a time clock to record the hours they worked.

26.    Defendants' workweek was typically Saturday to Friday. Employees were paid every Friday by direct deposit or paper check if an employee doesn't have a bank account. Some employees were not paid through employee payroll.  Yolanda Ceniceros was the payroll administrator and processed payroll for Defendants.

27.    Defendants failed to pay their employees an overtime premium for all hours worked over 40 in a work week.  Since at least 2021, Defendants have failed to pay employees the required overtime premium for hours in excess of 40 in the workweek. Instead, Defendants paid some of their employees a day rate regardless of the number of hours they worked.

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

28.    Until 2022, Defendants paid all employees a piece rate for all hours worked.  In 2022, Defendants began using a time clock to record all hours worked by employees and began paying some employees an hourly rate.  Hourly rate employees were paid an overtime premium for hours worked in excess of 40 hours a week.

29.    Defendants continued to pay crew leaders and the superintendent on a day rate basis and did not pay them the additional overtime premium for hours worked over 40 in a week.  Payroll records show that pay for crew leads fluctuates based on the number of days they worked.

30.    Defendants did not pay the required overtime rate for all hours worked over 40 in work weeks when employees were paid a piece rate.  However, Defendants paid an overtime premium to employees who used a time clock to record the hours they worked.

## CLAIMS FOR RELIEF

### First Claim For Relief

### Overtime Violations

31.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

32.    Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek at a rate of one-and-a-half times the employee's regular rate.

33.    At all relevant times, Defendants have willfully violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed workers without properly compensating them.  Notwithstanding Defendants' posting of a notice of the Fair Labor Standards Act's requirements at their principal place of business and written overtime policies, Defendants paid some employees an overtime premium for hours

worked over 40 in a week while failing to pay other employees an overtime premium for hours worked over 40 in a week.

### Second Claim For Relief

### Recordkeeping Violations

34.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

35.    Defendants have violated  Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

36.    At all relevant times, Defendants have willfully violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants knew of or should have known of the FLSA's recordkeeping requirements.  Notwithstanding Defendants' posting of a notice of the Fair Labor Standards Act's requirements at their principal place of business and written timekeeping policies, Defendants failed to maintain records of all hours worked for all non-exempt employee and to provide records showing regular rate of pay in overtime weeks for some non-exempt employees.

### PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an Order:

    1. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 7, 11(a), 11(c), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211(a), 211(c), and 215(a)(5);

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

B. For an Order:

1. Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for overtime from at least May 18, 2021, to all Defendants' employees including the employees listed in attached Exhibit A, and an additional equal amount as liquidated damages; or

2. In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least May 18, 2021, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C.    For an Order awarding the Acting Secretary the costs of this action; and

D.    For an Order awarding the Acting Secretary any other legal and equitable relief that the Court deems necessary and appropriate.

Dated: January 10, 2025                Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

/s/Charles Song
CHARLES SONG
Senior Trial Attorney

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. [Case Number]

# EXHIBIT A

1. Aguilar, Marte A
2. Avalos, Marcos A
3. Avilez, Emanuel
4. Ayala, Arturo
5. Barrera Castro, Sergio
6. Campos, Marcos A
7. Ceballos, Jesus
8. Ceja, Eduardo
9. Ceniceros, Manuel
10. De La O, Enrique
11. Delgado, Ezequiel
12. Dominguez, Martin
13. Felix Olivas, Luis
14. Flores, Luis
15. Flores Martinez, Gabriel
16. Garcia, Andres
17. Garcia, Antonio
18. Garcia, Guadalupe
19. Garcia, Juan
20. Garcia, Julian
21. Garcia Rivera, Alexis N
22. Hernandez, Cristian
23. Hernandez Cervantes, Eduardo
24. Lagarda, Alfredo
25. Luna, Geronimo
26. Luna, Jose
27. Macias, Erik
28. Macias, John A
29. Macias-Lopez, John

Page 1 of 2

30. Marquez, Jaime
31. Marquez, Mario
32. Marquez Ponce, Edgar
33. Martinez, Benjamin
34. Martinez, Ivan R
35. Melgar Garcia, Jose Ezequiel
36. Mendoza Castro, Martin
37. Montes, Jesus A
38. Orozco Chavira, Giovanni
39. Perez Vega, Angel
40. Ramos, Carlos D
41. Rosas, Cesar
42. Ruiz Rabago, Javier
43. Santana, Ever
44. Santana Sanchez, Edwin A
45. Sauceda Reyes, Omar
46. Sotelo, Jose
47. Soto, Hector I
48. Valenzuela, David J
49. Valenzuela Rodriguez, Martin F
50. Vega, Rodrigo
51. Vega Lopez, Abelardo
52. Vega Sanchez, Jesus
53. Velarde, Miguel A
54. Velez, Benjamin
55. Visoso, Lucio
56. Zavala, Jesus M

Page 2 of 2