JOSEPH A. VELEZ, Esq. (SBN 016059)
Law Office of JOSEPH A. VELEZ
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona
480.710.5079
jvelezesq@me.com
*Attorney for all Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Julie Su,
Acting Secretary of Labor, United States
Department of Labor,

      Plaintiff,

  vs.

Diamond Stone & Synthetic Grass, LLC,
Michael A. Chavez and Yolanda Denisse
Chavez, husband and wife,

      Defendants,

Case No. 2:25-cv-00091-SPL

## DEFENDANTS' ANSWER

(Hon. Stephen P. Logan)

  Defendants Diamond Stone & Synthetic Grass, LLC, Michael 'Mike' A. Chavez and Yolanda Denisse Chavez, Answer Plaintiff's Complaint as follows.

1.  In response to paragraph 1, this is not an allegation against Defendants, but instead describes the type of case and legal causes involved, and therefore no answer is required.

2.  In response to paragraph 2, this is not an allegation against Defendants and therefore no answer is required.

3.  In response to paragraph 3, it is Admitted.

4. In response to paragraph 4, it is Admitted.

5. In response to paragraph 5, this is not an allegation against Defendants and therefore no answer is required.

6. In response to paragraph 6, it is Admitted.

7. In response to paragraph 7, it is Denied.

8. In response to paragraph 8, it is Denied.

9. In response to paragraph 9, it is Admitted.

10. In response to paragraph 10, it is Admitted that Defendant Denisse Chavez was a 50% co-owner of the company, and the remainder of the allegations are Denied.

11. In response to paragraph 11, it is Denied.

12. In response to paragraph 12, it is Denied.

13. In response to paragraph 13, it is Admitted.

14. In response to paragraph 14, it is Admitted.

15. In response to paragraph 15, it is Admitted.

16. In response to paragraph 16, it is Admitted.

17. In response to paragraph 17, it is Admitted.

18. In response to paragraph 18, it is Admitted.

19. In response to paragraph 19, it is Admitted.

20. In response to paragraph 20, it is Admitted.

21. In response to paragraph 21, it is Denied.

22. In response to paragraph 22, it is Denied.

23. In response to paragraph 23, it is Denied.

24. In response to paragraph 24, it is Denied.

25. In response to paragraph 25, it is Denied.

26. In response to paragraph 26, it is Admitted that Yolanda Ceniceros was the payroll administrator. The remainder of the allegations in this paragraph are Denied.

27. In response to paragraph 27, it is Denied.

28. In response to paragraph 28, it is Admitted that hourly rate employees were paid overtime for hours worked in excess of 40 per week, however, the remainder of the paragraph's allegations are Denied.

29. In response to paragraph 29, is Admitted.

30. In response to paragraph 30, it is Admitted that hourly rate employees who used a time clock were paid overtime for hours worked in excess of 40 per week, however, the remainder of the paragraph's allegations are Denied..

31. In response to paragraph 31, all prior answers are incorporated.

32. In response to paragraph 32, it is Denied.

33. In response to paragraph 33, it is Denied.

34. In response to paragraph 34, all prior answers are incorporated.

35. In response to paragraph 35, it is Denied.

36. In response to paragraph 36, it is Denied.

**AFFIRMATIVE AND OTHER SPECIAL DEFENSES**

37.  Defendants deny each and every allegation of the Complaint not expressly admitted in this Answer.

38.  Affirmatively allege that there is a genuine dispute regarding the hours spent in work-related activities conducted for Defendants by Plaintiff.

39.  Defendants acted in good faith.

40.  Defendants did not willfully violate any provisions or sections of the FLSA, particularly but not limited to: Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

41. Plaintiffs and the represented employees claims' are barred by the two (2) year standard statute of limitations of the FLSA for non-willful violations.  To the extent that any violations of the FLSA occurred, Defendants assert that the violations were not willful and therefore the maximum statute of limitations is 2 years as opposed to 3 years.

42.  Plaintiffs' claims are barred by full payment and satisfaction.

43.  Defendants may be entitled to offsets, setoffs, and credits against unpaid wages, if any.

44.  Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

45.  Defendants reserve the right to assert additional affirmative defenses should they become aware of additional defenses during the course of discovery.

WHEREFORE, Defendants respectfully request that this Court:

A.    Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

B.   Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

C.   Award Defendants their reasonable attorneys' fees and court costs pursuant to A.R.S. §12-341, §12-341.01; and all attorney's fees provisions of the FLSA, including but not limited it 29 U.S.C. §216(b).

D.   For such further relief as this Court deems just.

DATED this 14th day of March, 2025.

LAW OFFICE OF JOSEPH VELEZ

/s/ Joseph Velez_____
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
Tel: 480.710.5079
Facsimile: 480.945.0553
jvelezesq@me.com
Attorney Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of March, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to:

MARC A. PILOTIN Regional Solicitor
BORIS ORLOV
Counsel for Wage & Hour

CHARLES SONG
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR 312 N. Spring Street, Room 720

Los Angeles, CA 90012-4701
(213) 894-5365
Song.charles.c@dol.gov
Attorneys for Plaintiff Julie A. Su,
Acting United States Secretary of Labor


Attorneys for Plaintiff


By: **/s/ Joseph Velez**